Dear Marshal Picard:
You have requested an opinion of this Office regarding the following questions: 1a) whether the Lafayette City Court Marshal may enter into an annual contract with the Lafayette Airport Commission to provide "`round the clock" security for the airport terminal and property located in his jurisdiction; 1b) whether such a contract requires the Lafayette City Parish Council's approval, ratification, or permit; 2a) whether the Lafayette City Parish Council needs to approve the appointment of additional deputy marshals required to provide security for the Airport Commission; 2b) whether the contract should require the airport commission's funds to be directed to the Lafayette Parish Consolidated Government ("LPCG") administration for disbursement to cover personnel and operational costs; and 3) whether the additional deputy marshals need to be medically cleared by the city nurse (as are all other marshal personnel).
You informed this Office that providing twenty-four (24) hour security at the airport would require hiring an additional fourteen (14) deputy marshals. Your concerns and the Attorney General's responses to those concerns are presented as follows. *Page 2 
 1a) Whether the Lafayette City Court Marshal may enter into an annualcontract with the Lafayette Airport Commission, to provide twenty-four(24) hour security for the airport terminal and property located in hisjurisdiction?
In examining the viability of the proposed contract, we must first determine the Lafayette City Court Marshal's ability to provide law enforcement outside the courthouse. LA. REV. STAT. § 13:1881(A) pertinently provides, "The marshal is the executive officer of the Court; he shall execute the orders and mandates of the Court, and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff."[1]
A clear reading of LA. REV. STAT. § 13:1881(A) provides that the Marshal has law enforcement authority not only in the courtroom, but also throughout the entire parish, as does the Sheriff. Thus, the Marshal's jurisdiction would include the Airport, thereby allowing the Marshal to provide the service to the Airport Commission.
1b) Whether the contract requires the Lafayette City Parish Council'sapproval, ratification, or permit?
This Office opines that since the governing authorities of the city and parish shall fix and pay the deputy marshals, the contract requires the city-parish's approval. As this Office opined in La. Att'y Gen. Op. 02-0463, the city and parish are required to jointly fund the salaries of the city's Marshal and his deputies. Expenses of the Marshal's office shall be paid by the city, unless the governing authorities of the city and parish agree to an alternative division of expenses. Here, if the Marshal's office agrees to enter into the contract, and the city and the parish agree to fund the required additional deputy marshals, then, the city and parish shall determine the division of expenses for the work provided. In other words, for the hours providing court security, executing warrants, transporting inmates, and enforcing court orders, this expense should be borne by the city and parish. The Airport Commission's budget should, however, bear the burden of the airport detail. In order to determine the percentage of expenses, perhaps it would be prudent to determine the percentage of hours of the work schedule that each deputy marshal will spend supporting the Airport security detail.
Next, we will shift our attention to whether or not the Marshal, acting alone, has the authority to enter into the proposed contract, which would bind his office, the city-parish's resources, and ultimately the LPCG. As this Office has previously opined, the general power and authority to enter a binding contract on behalf of *Page 3 
the municipality rests with the city parish.[2] Thus, we opine that the Marshal, acting alone, cannot enter into a contract binding his office or the city-parish.
2a) Whether the Lafayette City Parish Council needs to approve theappointment of additional deputy marshals required to provide securityfor the Airport Commission?
The Marshal is the ultimate authority for hiring and firing at the Marshal's office. As such, the Marshal may appoint one or more deputy marshals having the same powers and authority as the Marshal, but the Marshal shall be responsible for their actions.[3] Notwithstanding this provision, the deputy marshals must be paid. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The Marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to LA. REV. STAT. § 13:1899, to pay an amount in excess of the fixed salary, or to pay the amount fixed or any portion thereof, to the deputy marshals or to employ additional deputies.
In hiring additional deputy marshals to provide the service to the Airport Commission, the Marshal would incur an expense. The proceeds from the proposed Airport security contract appear to be an appropriate funding source for the salaries of the required additional deputy marshals. This Office has previously opined the Marshal may use fees as funds available for the expenses of the Marshal's office.[4]
 2b) Whether the contract should require the Airport Commission's fundsto be directed to the LCPG administration for disbursement to coverpersonnel and operational costs?
As it is this Office's opinion that the Marshal can not unilaterally enter into a contract, it is our opinion that any funds provided for covering the personnel and operational costs associated with the proposed contract should be directed to the LPCG administration and disbursed to the Marshal's office. *Page 4 
 3) Whether the additional deputy marshals must be medically cleared bythe city nurse as are all other marshals?
You informed this Office that the current hiring procedure requires physicals to be reviewed and approved by the City Nurse and funded through the LPCG Risk Management Office. You specifically inquire whether the deputy marshals designated to fill the Airport Commission contract require a medical clearance.
This Office believes that the position of deputy marshal, like all other law enforcement positions, is a serious, physically demanding, rigorous, and sometimes dangerous undertaking. Therefore, the deputy marshals hired should meet the physical approval of the City Nurse. Additionally, the LPCG Risk Management Office makes a health risk assessment before hiring a potential deputy who would be incapable of performing the general duties of the deputy marshal. Thus, the deputy marshals should receive their medical clearances from the city's nurse.
We hope this sufficiently answers your inquiry. However, if we may be of further assistance, please do not hesitate to contact our Office.
 Sincerely yours,
 James D. "Buddy" Caldwell Attorney General
 BY:__________________________ Rick McGimsey Assistant Attorney General
 JDC/RM
[1] LA. REV. STAT. § 13:1881(A).
[2] La. Att'y Gen. Op. 04-0052.
[3] LA. REV. STAT. § 13:1881(B).
[4] La. Att'y Gen. Op. 05-0014.